| U.S. Department of Homeland Security | Subject ID : 366392511 | | Record of Deportable/Inadmissible Alien | | | | |
|---|---|---|---|---|---|---|---|

| Family Name (CAPS) | First | Middle | | Sex | Hair | Eyes | Cmplxn |
|---|---|---|---|---|---|---|---|
| MACHIC-XIAP, AGUSTIN | | | | M | BLK | BRO | MBR |

| Country of Citizenship | Passport Number and Country of Issue | File Number | Height | Weight | Occupation |
|---|---|---|---|---|---|
| GUATEMALA | | POO1908000135 075 019 557 | 63 | 130 | |

| U.S Address | Scars and Marks |
|---|---|
| NWDC 1623 East J Street Suite 5 Tacoma, WASHINGTON, 98421 | |

| Date, Place, Time, and Manner of Last Entry | Passenger Boarded at | F.B.I. Number | Single / Divorced ☒ Married / Widower / Separated |
|---|---|---|---|
| 07/13/2005, PHO, WI - Without Inspection | | 482317EB6 | |

| Number, Street, City, Province (State) and Country of Permanent Residence | Method of Location/Apprehension |
|---|---|
| Unknown Address in Almoronga GUATEMALA | NCA NA |

| Date of Birth | | Date of Action | Location Code | At/Near | Date/Hour |
|---|---|---|---|---|---|
| ▮▮▮ Age: 41 | | 09/04/2019 | POO/POO | See I-831 | 09/04/2019 05:10 |

| ▮▮▮ and Country of Birth | AR ☒ | Form . (Type and No.) Lifted ☐ Not Lifted ☐ | By |
|---|---|---|---|
| Almoronga, GUATEMALA | | | See Narrative |

| NIV Issuing Post and NIV Number | Social Security Account Name | Status at Entry | Status When Found |
|---|---|---|---|
| | | | |

| Date Visa Issued | Social Security Number | Length of Time Illegally in U.S. |
|---|---|---|
| | | |

| Immigration Record | Criminal Record |
|---|---|
| POSITIVE - See Narrative | See Narrative |

| Name , Address, and Nationality of Spouse (Maiden Name, if Appropriate) | Number and Nationality of Minor Children |
|---|---|
| UNKOWN NATIONALITY: UNITED STATES | None |

| Father's Name, Nationality, and Address, if Known | Mother's Present and Maiden Names, Nationality, and Address, if Known |
|---|---|
| UNKNOWN, UNKNOWN | UNKNOWN, UNKNOWN |

| Monies Due/Property in U.S. Not in Immediate Possession | Fingerprinted? ☒ Yes ☐ No | Systems Checks See Narrative | Charge Code Words(s) |
|---|---|---|---|
| None Claimed | | | See Narrative |

| Name and Address of (Last)(Current) U.S. Employer | Type of Employment | Salary Hr | Employed from/to |
|---|---|---|---|
| | | | |

Narrative (Outline particulars under which alien was located/apprehended. Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation. Indicate means and route of travel to interior.)

FIN: 17184102          Left Index fingerprint          Right Index fingerprint



OTHER ALIASES KNOWN BY:
----------------------------------------
RISAJCHE-Cojon, Julio

Subject Health Status
-----------------
The subject claims good health.

...(CONTINUED ON I-831)

| Alien has been advised of communication privileges 9/4/2019 /▮▮ (Date/Initials) | AARON KIRACOFE Deportation Officer (Signature and Title of Immigration Officer) |
|---|---|

| Distribution. | Received: (Subject and Documents) (Report of Interview) |
|---|---|
| | Officer: AARON KIRACOFE |
| | on September 4, 2019 (time) |
| | Disposition REINSTATEMENT OF DEPORT ORDER I-871 |
| | Examining Officer: STRICKER, S 3104 |

Form I-213 (Rev. 08/01/07)

MAC_0000044

**U.S. Department of Homeland Security**　　　　　　　　**Continuation Page for Form** I-213

| Alien's Name<br>MACHIC-XIAP, AGUSTIN | File Number<br>075 019 557<br>Event No: POO1908000135 | Date<br>09/04/2019 |
|---|---|---|

Current Administrative Charges
--------------------------------
09/04/2019 - 212a9Ai - ALIEN PREVIOUSLY REMOVED ONCE, AS AN ARRIVING ALIEN (NOT AGGRAVATED FELONS)


Previous Criminal History
------------------------------------------
On 06/11/2019, the subject was arrested for the crime of "Disorderly Conduct" which resulted in a conviction on 08/12/2019. The subject was sentenced to N/A.

On 06/11/2019, the subject was arrested for the crime of "Driving Under Influence Liquor" which resulted in a conviction on 08/12/2019. The subject was sentenced to 30 day(s).

On 06/11/2019, the subject was arrested for the crime of "Disorderly Conduct" which resulted in a conviction on 08/12/2019. The subject was sentenced to N/A.


Records Checked
----------------
EARM Pos
CIS Pos
CLAIM Neg
NCIC Pos


ARRESTING AGENTS
-----------------------
ANDREW JOHNSON
AARON KIRACOFE

At/Near
----------------------------------------
Hillsboro, Oregon


Record of Deportable/Excludable Alien:
SUBJECT, MACHIC-Xiap, Agustin, was brought to the attention of Deportation Officer (DO) Kiracofe on 08/13/2019 via a referral from the Washington County Jail. On that day SUBJECT had been held in custody at the jail due to the following local criminal charge:

01 ORS 811.705 HIT AND RUN-VEHICLE-INJURY-FEL
02 ORS 164.365 CRIMINAL MISCHIEF 1ST DEG-FEL
03 ORS 163.195 RECKLESSLY ENDANGERING-MISD
04 ORS 813.010 DUII

The referral was received through the Washington County Jail roster where SUBJECT indicated that he was a citizen of Guatemala. DO Kiracofe conducted a search through PCQS using the SUBJECT's name and date of birth, which revealed he had a previous removal under Alien Number 075 019 557. SUBJECT's Alien Number was submitted to EARM. The results are included in the "IMMIGRATION RECORDS" section of this report. There were also no records in CIS or CLAIMS that would indicate that SUBJECT had been granted admission into, or current status within the United States. Based on the SUBJECT's statement to the jail of

| Signature<br><br>　　　　　　AARON KIRACOFE | Title<br><br>　　　　Deportation Officer |
|---|---|

2 of 5 Pages

Form I-831 Continuation Page (Rev. 08/01/07)

MAC_0000045

U.S. Department of Homeland Security                    Continuation Page for Form ___I-213___

| Alien's Name | File Number | Date |
|---|---|---|
| MACHIC-XIAP, AGUSTIN | 075 019 557<br>Event No: POO1908000135 | 09/04/2019 |

foreign birth, prior criminal history; combined with a lack of known records indicating a lawful admission into, or status within the United States, there was probable cause for SUBJECT's arrest.  DO Kiracofe placed an I-247 Immigration detainer and I-200 Warrant of Arrest for Alien with the Washington County Jail.

On 09/04/2019, Deportation Officers DO Kiracofe and DO Johnson encountered SUBJECT outside the release area of the Washington County Jail as SUBJECT was being released from the custody of the Washington County Jail.  DO Kiracofe identified himself as a United States Immigration and Customs Enforcement Officer and proceeded to question SUBJECT as to his identity and country of citizenship.  SUBJECT freely identified himself as Agustin MACHIC-Xiap and stated that he was a native and citizen of Guatemala.  Additionally, he made no claim that he received permission to legally enter or remain within the United States, has no applications, or petitions pending with United States Citizenship and Immigration Services or any other agency/element within the Department of Homeland Security.  SUBJECT claimed upon questioning to have no medical problems and two children.

At approximately 5:10 a.m., DO Kiracofe informed SUBJECT that based on his responses he was being arrested for violation of immigration law.  SUBJECT was then placed in handcuffs which were double locked and checked for tightness and he was searched and transported to the Enforcement and Removal Operations (ERO) office in Portland, Oregon.  SUBJECT was served Form I-871, Notice of Intent/Decision to Reinstate Prior Order.  This process requires taking a written sworn statement from the alien regarding his biographic information, alien status, and immigration history.  Prior to any questioning regarding this process, DO Kiracofe read SUBJECT his Miranda Rights per the ICE approved Record of Sworn Statement in Affidavit Form I-877.  SUBJECT did not want to proceed with questioning without an attorney present.  DO Kiracofe ceased further questioning.

SUBJECT stated he has fear of persecution or torture if removed from the United States to Guatemala.

SUBJECT stated he's not associated with a gang.

SUBJECT claimed to have two children who are United States citizens and stated they are in the care of his wife.  SUBJECT would not give any additional information regarding his wife and children.

SUBJECT stated he has NO reason to believe he is a citizen of the United States.  SDDO initials _____

SUBJECT stated he has NO reason to believe that one or both of his parents have any claim to United States citizenship. SDDO initials _____

SUBJECT made no claim to have served in the United States armed forces. SDDO initials _____

SUBJECT stated that he did not graduate from high school in the United States.  SDDO initials _____

SUBJECT stated that he has not earned a GED.  SDDO initials _____

SUBJECT stated that he is not currently attending school in the United States.  SDDO initials _____

***IMMIGRATION HISTORY***

| Signature | Title |
|---|---|
| AARON KIRACOFE | Deportation Officer |

___3___ of ___5___ Pages

Form I-831 Continuation Page (Rev. 08/01/07)

MAC_0000046

U.S. Department of Homeland Security

Continuation Page for Form _I-213_

| Alien's Name<br>MACHIC-XIAP, AGUSTIN | File Number<br>075 019 557<br>Event No: POO1908000135 | Date<br>09/04/2019 |
|---|---|---|

SUBJECT claimed to have never applied for or received permission to legally enter or remain in the United States, nor to have any actions pending with U.S. Citizenship and Immigration Services (USCIS). Records checks on SUBJECT through the Computer Linked Application Information Management System (CLAIMS) were negative.
On 10/09/1996, SUBJECT was apprehended by ICE. The SUBJECT was granted a Voluntary Departure by the date of 04/15/1999. SUBJECT did not leave by the date ordered by the Immigration Judge. SUBJECT was later arrested by ICE and removed through Phoenix, Arizona, on 07/13/2005.

*** CRIMINAL HISTORY ***

Records reveal the following known criminal convictions against SUBJECT:

Arrest Agency: BEAVERTON POLICE DEPARTMENT
Arrest Date: 06/11/2019
Charge: CRIMINAL MISCHIEF 2ST DEG - MISDEMEANOR; DUII-MISDEMEANOR; RECKLESSLY ENDANGERING- MISDEMEANOR
Disposition: Convicted    Disposition Date: 08/12/2019
Case Number: 19CR40477

Arrest Agency: WASHINGTON COUNTY SHERIFFS
Arrest Date: 10/5/2002
Charge: DUII - MISDEMEANOR
Disposition: Convicted    Disposition Date: 12/5/2002
Case Number: D0205481T

Arrest Agency: FOREST GROVE POLICE DEPARTMENT
Arrest Date: 03/09/1998
Charge: FALSE INFO-POLICE OFC-VEH OFF- MISDEMEANOR
Disposition: Convicted    Disposition Date: 03/25/1998
Case Number: D9801277T

Arrest Agency: HILLSBORO POLICE DEPARTMENT
Arrest Date: 11/22/1997
Charge: DUII- DIVERSION
Disposition: Convicted    Disposition Date: 01/20/1998
Case Number: D9707736T

Arrest Agency: HILLSBORO POLICE DEPARTMENT
Arrest Date: 04/20/1997
Charge: FAIL CARRY/PRESENT OP LICENSE- MISDEMEANOR
Disposition: Convicted    Disposition Date: 11/9/2000
Case Number: D9702605T

FBI: 482317EB6
SID# - OR12272056

Form I-871, Notice of Intent/Decision to Reinstate Prior Order, was prepared to be served to SUBJECT with a list of free legal services and consular rights notification form CNF-1. SUBJECT is being prosecuted under 8 USC 1326 and will be transported to the Northern Oregon Regional Correction Center (NORCOR) for further action on his case.

| Signature<br><br>AARON KIRACOFE | Title<br><br>Deportation Officer |
|---|---|

_4_ of _5_ Pages

Form I-831 Continuation Page (Rev. 08/01/07)

MAC_0000047

**U.S. Department of Homeland Security**                    **Continuation Page for Form** ___I-213___

| Alien's Name | File Number | Date |
|---|---|---|
| MACHIC-XIAP, AGUSTIN | 075 019 557<br>Event No: POO1908000135 | 09/04/2019 |

```
Other Identifying Numbers
----------------------------------------
ALIEN-075019557
State Criminal Number/State Bureau Number-OR12272056  (OREGON UNITED STATES)
```

| Signature | Title |
|---|---|
| AARON KIRACOFE | Deportation Officer |

___5___ of ___5___ Pages

Form I-831 Continuation Page (Rev. 08/01/07)

MAC_0000048

**U.S. Department of Justice**                    Decision of the Board of Immigration Appeals
Executive Office for Immigration Review

Falls Church, Virginia  22041

File:    A75 019 557 - Portland, OR                 Date:        JAN 1 8 2001

In re:   AUGUSTIN MACHIC-XIAP

IN DEPORTATION PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:        Susan Rossiter, Esq.

ON BEHALF OF SERVICE: Jeanne Foden-Vencil
                              Assistant District Counsel

CHARGE:

    Order: Sec.    241(a)(1)(B), I&N Act [8 U.S.C. § 1251(a)(1)(B)] -
                   Entered without inspection

APPLICATION:   Asylum; withholding of deportation

ORDER:

    PER CURIAM. The appeal is dismissed.  We have reviewed the record of proceedings, the Immigration Judge's decision, and the respondent's contentions on appeal.  We conclude that the Immigration Judge correctly determined that the respondent failed to establish past persecution, a well-founded fear of persecution, or a clear probability of persecution on account of a qualifying ground as set forth at section 101(a)(42) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(42). *See INS v. Elias-Zacarias*, 502 U. S. 478 (1992); *INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987); *INS v. Stevic*, 467 U.S. 407 (1984); *Matter of E-P-*, 21 I&N Dec. 860 (BIA 1997); *Matter of S-M-J-*, 21 I&N Dec. 722 (BIA 1997); *Matter of S-P-*, 21 I&N Dec. 486 (BIA 1996); *Matter of Acosta*, 19 I&N Dec. 211 (BIA 1985), *as modified by Matter of Mogharrabi*, 19 I&N Dec. 439 (BIA 1987). The Immigration Judge's denial of asylum and withholding of deportation under sections 208 and 243(h) of the Act, 8 U.S.C. §§ 1158 and 1253(h), is accordingly affirmed.

    FURTHER ORDER:  Pursuant to the Immigration Judge's order and in accordance with our

MAC_0000063

A75 019 557

decision in *Matter of Chouliaris*, 16 I&N Dec. 168 (BIA 1977), the respondent is permitted to depart from the United States voluntarily within 30 days from the date of this order or any extension beyond that time as may be granted by the district director; and, in the event of failure so to depart, the respondent shall be deported as provided in the Immigration Judge's order.

_____
FOR THE BOARD

2

Exhibit R
Page 7 of 15

MAC_0000064

KAM

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
Portland, Oregon

File No.:    A 75 019 557                    January 15, 1999

In the Matter of                )
                                )
AGUSTIN MACHIC-XIAP             )    IN DEPORTATION PROCEEDINGS
                                )
            Respondent          )

CHARGE:        Section 241(a)(1)(B) - entry without
               inspection.

APPLICATIONS:  Asylum, withholding of deportation, and in the
               alternative, voluntary departure.

ON BEHALF OF RESPONDENT:        ON BEHALF OF SERVICE:

Nicole Nelson                   Lisa Beattie
Immigration Counseling Service  Associate General Counsel
Portland, Oregon                INS

ORAL DECISION OF THE IMMIGRATION JUDGE

        Respondent is a 21-year-old man, who admits that he
is not a citizen or national of the United States, that he's a
native and citizen of Guatemala, that he had entered the
United States on or about January 20, 1996, at San Ysidro,
California, without inspection.

        I find therefore based on his admissions,
deportability is established by evidence that is clear,
convincing and unequivocal.

        He has applied for asylum under Section 208 of the
Act.  In order to be granted asylum, he must show that he

1

KAM

meets the definition of a refugee in that he has either been persecuted in the past or has a well-founded fear of persecution based on one of five enumerated grounds, race, religion, nationality, membership in a particular social group or political opinion.  His application for asylum is also concurrently considered as an withholding of deportation under Section 243(h) of the Act with the same five enumerated grounds, however, with a stricter burden rather than a well-founded fear, a clear probability of persecution.  The Court is aware of the differences of the burdens of proof. Withholding is also a perspective only in nature.  However, under the new regulations, a finding of past persecution would appear to establish withholding also under our regulations we're under now, but nonetheless the statute to our structure works as I have indicated.  Also withholding of deportation is mandatory and not discretionary as asylum is.

In this particular case, the evidence can be fairly described as the respondent about four or five years ago was at his home with his parents, his older brother and his sister.  The respondent is an indian and apparently they were living in an area of Guatemala where his indian tribe or indigenous group of people lived.  The guerrillas who also often come from the same group and were particular in those years stronger in those areas came to the house apparently seeking to forcibly recruit the respondent's brother and the

A 75 019 557                          2                  January 15, 1999

KAM

respondent.  The respondent's parents were harmed.  They were
cut.  The extent of their injuries is not know.  However, they
are still living and apparently in good health at this time.
So they weren't apparently life threatening or disabling
according to the respondent.  The respondent's older brother
was seized.  The respondent hid under a bed as well as his
sister and he was not taken.  This could fairly said to have
occurred sometime probably in 1995.  After that, the
respondent fled to a city where his uncle lived, stayed there
one or two months and then made his way to the United States
entering in January of 1996.  The respondent indicates in a
phone conversation shortly after his arrival that his mother
indicated the guerrillas had come looking for him in
particular and that in follow up conversations there is
discussion that the guerrillas are still in the area or they
see them walking around.  "There are still problems."  A
specific incident related to more recent vintage was with
regard to guerrilla members stealing food from the
respondent's parents.  The respondent's parents and his sister
are doing well.

    The respondent also testified as he said through his
mother, but apparently he lived in the village and his next
door two neighbors, two neighbors were seized by the
guerrillas before his brother was.

    Service counsel brings up the possibility of the

A 75 019 557                          3                    January 15, 1999

MAC_0000072

KAM

persons had fled to the United States or that they were
guerrillas members. The respondent's ultimate response I
think is a reasonable one. This is four or five years ago and
they haven't been heard from at all. One would suspect that
even a guerrilla member would somehow pass a note to one's
mother that one was still alive. So I think his presumptions
that they met their demise are probably accurate, at least
reasonable. It would be reasonable in most places that four
or five years of not only no contact but not even an
indication or collateral contact as to where a person is would
be a reasonable presumption.

Therefore, the respondent bases his claim not on
past persecution, the incident being a collateral witness
although not seeing it with his own eyes, but a precipitant
hearing and at the event, wouldn't be sufficient as in hiding
to constitute past persecution in my opinion, but that seizure
of his brother, the prior seizures or disappearances, in fact
the persons have remained, unknown as to their whereabouts,
the presumption that they met their death, and the general
nature of the ongoing conflict, the guerrillas, in his
country, constitute the basis for what the Court determines is
a genuine fear that the respondent has.

The fear, however, has to be objectively based, not
only genuine, which is real but objectively based on the
conditions in his country.

A 75 019 557                          4                  January 15, 1999

MAC_0000073

KAM

In this particular case, the Court reviewed the materials included in the assessment referred, but it appears that the respondent although indicated in his application that he had help preparing his application indicate he spoke Spanish and apparently it was a Spanish language interview by the asylum office, so the assessment to refer, there was no issue made or impeachment brought forward by Service counsel, but it seems much more limited than his testimony today. That's the only matter of contrary and the Court wouldn't find it fair unless it could be established that the respondent is quite fluent in Spanish to use those limited statements or even his limited application to find a contrary credibility finding, and I find him credible. The issue is not credibility. The issue is drawing the appropriate conclusions from the facts presented.

Likewise, I do not find that the respondent had to be able to articulate the political philosophy of the guerrillas or articulate the nature of the conflict which was ongoing which now has been largely resolved. At least it has been resolved in that there isn't an active violent conflict between guerrilla forces and the government. There are still continuing problems in his country, but there are no longer the armed conflict.

The case must be seen therefore in that light. The background evidence submitted by the respondent is somewhat

A 75 019 557                          5                    January 15, 1999

MAC_0000074

KAM

stale and it doesn't reflect any particular problem for returnees, and I would specifically focus on indigenous returnees who would be returning to areas where the guerrillas had their strongholds.  It may be true that the families still see the same people now walking around.  Apparently the conflict is over.  They might be more integrated in the community, and this would likely cause fear for the many problems that occurred and did occur in these areas but this appears to be the only evidence and that maybe without full integration there's thievery or other kinds of social conflicts as to the current conditions.  The respondent himself had no particular political opinion.  However, the Court isn't going to rule out that it was imputed or even a greater mix between political opinion and race even if it were the guerrillas who were indigenous themselves were seeking not only to recruit but to also pacify the other indigenous so as to not take up against them through their actions.  However, even if that could be an articulated basis, in this particular case there was no past persecution.  So that articulated basis doesn't matter.  The current conditions, even if this is an articulated basis, don't exist any longer where that is the case.  The current conditions are fear because old fears don't subside easily and other genuine fears have still other social conflicts.  I do not find therefore that the respondent has demonstrated that he has been persecuted in the past or has a

A 75 019 557                          6                  January 15, 1999

MAC_0000075

KAM

well-founded fear of persecution on one of the enumerated grounds or even a combination articulated by the Court in this case.    Therefore, he has not demonstrated qualification for asylum.    On the same basis, he hasn't demonstrated qualification for withholding of deportation.

The respondent in the alternative has requested 90 days voluntary departure.    This is not opposed by the Immigration Service, and he has offered through counsel that he has the means and willingness to depart.

Therefore, the order of the Court is as follows: the respondent's request for asylum and withholding of deportation be denied.    In the alternative, the respondent is granted voluntary departure on or before April 15, 1999, or any extension granted by the District Director of the Immigration and Naturalization Service.    If the respondent fails to obey that order, the order would automatically become an order of deportation to Guatemala.

DATED:    January 15, 1999.

_____
MICHAEL H. BENNETT
Immigration Judge

A 75 019 557                              7                    January 15, 1999

MAC_0000076

CERTIFICATE PAGE

I hereby certify that the attached proceeding before
JUDGE MICHAEL H. BENNETT
in the matter of:

AGUSTIN MACHIC-XIAP

A 75 019 557

Portland, Oregon

was held as herein appears, and that this is the original
transcript thereof for the file of the Executive Office for
Immigration Review.

_____
(Kathryn A. Mirfin, Transcriber)

Deposition Services, Inc.
6245 Executive Boulevard
Rockville, Maryland 20852
(301) 881-3344

_____
March 30, 1999
(Completion Date)

MAC_0000077