Alison M. Clark, OSB No. 080579
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR  97204
Tel:    (503) 326-2123
Fax:    (503) 326-5524
Email: alison_clark@fd.org
Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>AGUSTIN MACHIC-XIAP,<br><br>　　　　　　　　　Defendant. | Case No. 3:19-cr-00407-SI<br><br>RESPONSE TO GOVERNMENT'S THIRD NOTICE OF SUPPLEMENTAL AUTHORITIES |

The government's third notice of supplemental authorities (Docket #55) cites *United States v. Ayala-Bello*, No. 19-50366, 2021 WL 1605990 (9th Cir. Apr. 26, 2021), to support its claim of rational basis review and its challenge to Mr. Machic-Xiap's proof of disparate impact. The case does not advance the government's argument.

In *Ayala-Bello*, the Ninth Circuit considered the Executive Branch policy to prosecute illegal entry defendants on the regular criminal docket, while other petty offenses are given citations and prosecuted through the streamlined Central Violations Bureau (CVB) process. The court held that the charging policy is subject to rational basis scrutiny because it classifies

defendants based on their differing criminal conduct, which is not a protected class. In dicta, the court further suggested that, even if the charging decision were based on alienage, it would still be subject to rational basis review. The court upheld the prosecution's policy under rational basis review, because the government has broad discretion to manage its prosecutorial resources and the different treatment could rationally advance the purpose of border control.

The decision in *Ayala-Bello* does not help the government in the ways it suggests. First, the Ninth Circuit's comment that rational basis review applies to federal law classifications based on alienage is irrelevant here. Mr. Machic-Xiap's challenge to 8 U.S.C. § 1326 asserts that the crime was motivated by race, not alienage. Nor is it correct that *Ayala-Bello* applied rational basis in any "challenge[] to illegal entry crimes," as the government argues. Docket #55 at 1. The defendants in *Ayala-Bello* challenged *prosecutorial enforcement policies*—the use of the regular criminal docket for illegal entry crimes rather than CVB citations—not the crime itself. Notably, in the concurring opinion, Judge Watford questioned whether rational basis review would apply when a federal criminal law classifies on the basis of alienage. *Id.* at *5. He pointed out that the Supreme Court has never squarely addressed the question and "has placed limitations on the federal government's broad authority over immigration when criminal penalties are implicated." *Id*. at *6 (citing *United States v. Mendoza-Lopez*, 481 U.S. 828, 837-38 (1987)).

Second, the government's assertions regarding disparate treatment continue to confuse the equal protection standard for a challenge to a racially-motivated law with the standard for a racially-motivated prosecution policy. Mr. Machic-Xiap's motion asserts that Congress designed 8 U.S.C. § 1326 to target Latino defendants on the basis of race. Thus, if Congress were adept in realizing its goal, it would be expected that most § 1326 defendants would indeed be Latino.

Page 2   RESPONSE TO GOVERNMENT'S SUPPLEMENTAL BRIEF

Mr. Machic-Xiap has proven that is the case. The statute operates as designed. Whether or not the Executive Branch implements the law equally to people of all races is not at issue

On the issue of disparate treatment, Mr. Machic-Xiap has located additional information on the subject of racial disparities in immigration enforcement at the Canadian border, responsive to some of this Court's questions. A new report on arrests by Customs and Border Patrol (CBP) in the "Detroit Sector" (which includes all of Michigan, as well as northeast Ohio) shows that enforcement skews heavily against Latinos. *See* The Border's Long Shadow, How Border Patrol Uses Racial Profiling And Local and State Police To Target and Instill Fear in Michigan's Immigrant Communities, ACLU of Michigan, at 3 (Mar. 25, 2021 https://www.aclumich.org/sites/default/files/field_documents/100_mile_zone_report-updated.pdf.

The March 2021 report was based on the ACLU's review of more than 13,000 border patrol apprehension reports between 2012 and 2019. The report found a number of indicators that people of Latin American origin are the primary target of border enforcement in the Detroit Sector. *Id.* at 23. For example, the majority of those arrested while entering the United States at the border were Canadian citizens or from a European country. *Id.* But those arrests comprise just a small percentage of the overall arrests because the majority of the border patrol's enforcement activities occurred away from international borders. *Id.* at 23-24. Two-thirds of arrests took place in municipalities and townships that do not share a shoreline with any international waterway. *Id.* at 24, 28. The report summarized, "although the vast majority of people trying to enter Michigan without authorization are from either Canada, the United States or a European country, Patrol targets its enforcement efforts on people of color who did not enter the United States from Canada." *Id*.

Page 3   RESPONSE TO GOVERNMENT'S SUPPLEMENTAL BRIEF

The ACLU's scrutiny of reported reasons for stops revealed strong indicators of racial profiling in stops, citing the fact that a person speaks Spanish or appears as "Hispanic" to support reasonable suspicion. *Id.* at 32. Ultimately, it is unsurprising that Latinos accounted for 85% of non-citizens arrested by CBP during this period. *Id.* at 86.

The racial skew of the Detroit Sector data is consistent with the racially motivated goals of § 1326 to protect a white-majority racial stock and deal with the "wetback problem."

Respectfully submitted this 5th day of May, 2021.

                                                    */s/ Alison M. Clark*
                                                    Alison M. Clark
                                                    Attorney for Defendant